Dear Mayor Garry:
You have asked for an opinion from this office regarding the ownership and maintenance responsibility for a section of State Highway 95 located within the jurisdictional limits of the Town of Duson.
My reading of the correspondence from the Louisiana Department of Transportation and Development (DOTD) and the Parish resolutions indicates that the purported abandonment by DOTD covers more of Highway 95 that just the section within the limits of the City of Duson. Additionally, the information provided does not show how the State of Louisiana acquired the highway in the first instance. Therefore, I cannot comment on the question of whether the State owned the road prior to the time of abandonment or merely had a servitude of public use over the property.
The threshold issue is the abandonment of the road by DOTD in compliance with the provisions of R.S. 48:224, as amended by 1985 La. Acts No. 489, Section 1. This statute allows the secretary of DOTD to abandon sections of the state highway system that "cease to be used by the public to the extent that the original purpose is no longer being served." The statute also requires that DOTD notify all the local governing authorities and utilities involved and provide those governing authorities an opportunity to take over the road and incorporate it into their respective road system. The secretary has substantial discretion in the exercise of the right to abandon. In order for the abandonment to be effective, there must be substantial compliance with the provisions of R.S. 48:224. An abandonment in fact is not an abandonment in law. Failure to abandon in compliance with the statute can result in continuing liability for the State in the event of injury resulting from the condition of the highway.
The failure by DOTD to notify the City of Duson of the contemplated abandonment, even though brought about at the request of the Lafayette parish Council, clearly violated the requirement of R.S. 48:224, as amended, that states, "prior to declaring the abandonment of a highway or highway section, the secretary shall notify the governing authority or authorities . . . of his intention. The governing authority or authorities shall indicate a willingness and desire to accept the highway or highway section proposed to be abandoned and to operate and maintain the highway as part of the governing authority's system and shall issue a resolution stating the conditions of the acceptance."(emphasis added). Failure to notify the City of Duson and the failure to acquire the acceptance and resolution of acceptance from the City of Duson renders the purported abandonment a nullity and the road is still owned by DOTD and in the State Highway System. Until such time as the abandonment is correctly executed according to the law, the maintenance of the road is the responsibility of DOTD. This is applicable even in the case where the State's interest in the road is a servitude of public use.
Due to the fact that DOTD did not substantially comply with R.S. 48:224, and the road is still in the State system I do not need to respond to your second and third questions. However, I would add that in the event DOTD attempts the abandonment again and does notify you as required, the City of Duson and the Parish governing authority can work out any reasonable joint agreement for the maintenance of the road within the limits of the Town of Duson under the provisions of R.S. 33:1324. Finally, if there is subsequent substantial compliance with the statute and the road is abandoned (assuming compliance by the local authorities) and the road is merely a servitude of public use, the road reverts to the landowner free of the servitude and in private ownership. This may be relevant in regard to the operations of the plant located on the road.
We hope that the above responds adequately to your request, however, should you have any further questions or clarifications to be reviewed in conjunction with the above, please notify the undersigned at your earliest convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General